## Bryant v. Terry, et al.

(Decided November 9, 1920.)

### Appeal from Whitley Circuit Court.

1. Boundaries—Location of Lines.—In determining the location of a disputed line or corner in an action involving the title to land, in case of doubt, that construction which is most against the party claiming under an uncertain survey should be adopted; and under no circumstances ought a doubtful title to prevail against a clear one.

2. Boundaries—Location of Lines.—One claiming title to land under a patent senior in date to a patent under which claim of title to the same land is asserted by an adversary, is bound, as to the location of any line common to both surveys that may be in controversy between them, as it is found to be fixed by his

own, the senior patent. No language contained in the junior patent can extend a line of the senior patent.

STEPHENS & STEELY for appellant.

H. C. GILLIS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal brings to us for review a judgment of the Whitley circuit court, involving the title to 500 acres of land bounded on the north by Brush creek, on the south by Hens Nest creek, both tributaries of the Cumberland river, on the east by the Cumberland river and on the west by the Pulaski county line. When the action was instituted the land in controversy was situated wholly in Whitley county, but by the subsequent division of that county's territory and creation of McCreary county, it was placed in the latter county. The action, however, remained in and was tried and determined by the Whitley circuit court. As originally instituted, the action was one in ejectment brought by the appellees, James E. Terry and others, claiming ownership of the 500 acres of land described above, to recover of Spencer Carter and others, made defendants, a part thereof to which, as alleged in the petition, they were wrongfully asserting title and of which they were illegally in possession. The defendants answered denying the title of appellees, asserting right of possession in themselves and pleading the statute of limitations.

During the pendency of the action and before its trial, the appellant, Roberta S. Bryant, by intervening petition became a party defendant thereto, denying in that pleading that the appellees, Terry and others, or the defendants, Carter and others, owned the title or right of possession to any part of the land included in the boundary of 500 acres, and alleging ownership in her of the title and right of possession to the whole thereof. The intervening petition, by an order of the court, was taken as her answer to the petition of Terry and others and made a cross petition against the defendants, Carter and others. After filing of such responsive pleadings by the several parties as were necessary to complete the issues, the cause, by proper order of the court, was transferred to its equity docket and thereafter submitted on the pleadings, exhibits and proof taken by the parties respectively.

By the judgment rendered the court declared and held the appellees, Terry and others, to be the owners of the

land and entitled to the possession thereof, as against the defendants, Carter and others, and the appellant, Roberta S. Bryant, and dismissed the latter's cross-petition against Carter and others. The judgment also awarded appellees a recovery against the other parties of all costs expended by them in the action. The appellant, Roberta S. Bryant, complains of the judgment thus determining the rights of the parties, and she alone is seeking its reversal by the prosecution of this appeal.

The appellant claims title to the land in controversy under a 10,000 acre patent, No. 24081, granted Hudson and Wait, October 18, 1855. Appellees' claim of title to the land is asserted under a 36,340 acre patent, No. 52017, granted Alfred L. Clapp, June 23, 1874. The following excerpt from an agreement between the appellant and appellees appearing of record will fully explain the respective contentions of the parties:

"It is further agreed that if the land in controversy herein is included within the exterior boundaries of the aforesaid patent to Alfred L. Clapp, when said boundaries are properly located, the land in controversy belongs to plaintiffs (appellees), and if said land is included within the exterior boundaries of the aforesaid Wait and Hudson patent, when said boundaries are properly located, the land in controversy belongs to defendant (appellant), Roberta S. Bryant; and if said land is not included within the exterior boundaries of either of said patents, when said boundaries are properly located, the land in controversy belongs to the defendants other than Roberta S. Bryant."

The only question to be determined in the case is the location of the line where the two above patents adjoin which is common to both of them. It is conceded by the parties that appellant's southern boundary is appellees' northern boundary, but insisted by the former that her southern boundary extends up Marsh creek to the mouth of Hens Nest creek and runs with Hens Nest creek from its mouth to the Pulaski county line; the latter that it extends up Marsh creek only to the mouth of Brush creek or Brushy fork of Marsh creek, thence up Brush creek to the Pulaski county line. It should here be stated that Marsh creek runs crookedly from where it empties into the Cumberland river in a generally northern direction. Both Hens Nest and Brush creeks empty into Marsh Creek, Hens Nest at a point about a half mile south of Brush creek, and both run in practically parallel lines

north eastwardly to the county line. The common line of the two patents extends up Marsh creek to the disputed corner, either at the mouth of Brush creek or Hens Nest creek.

For numerous reasons we are constrained to agree with the chancellor as to the location of the disputed line. In the first place the call of the Hudson and Wait patent fixes its corner at the "mouth of Brushy fork" of Marsh creek, and being the elder patent, its call must control; and besides, according to the evidence, Brush creek about the time of the issual of that patent was as frequently called Brushy fork as it was called Brush creek. Although the call of the Clapp patent as to this line is "to the mouth of Hens Nest or Brushy fork of the same," giving the same course and distance called for in the elder Hudson and Wait patent, it is fully apparent from the great weight of the evidence, that Hens Nest creek was never known as Brush creek, and that the surveyor by whom the Clapp patent boundary was made out did not actually run this line, but intended to follow that of the elder patent and thereby became confused as to the true name of Hens Nest creek. It is true two witnesses for appellant testified that at the time of the survey for the elder patent Hens Nest creek was also known as Brush creek, but one of these witnesses was appellant's son, who did not know the land until 1894 and testified wholly from hearsay, and both witnesses were contradicted by a greater weight of evidence furnished by seven witnesses introduced for appellees, all of whom declared that Hens Nest creek was always known by that name and was never called Brush creek or Brushy fork.

Obviously, the appellant is bound by the line as fixed by her patent; and no language contained in the junior patent can extend a line of the elder patent. Moreover, as the objects definitely fixing the disputed line are established by appellees' evidence, the line must be located as determined by those objects; and even where the location of the objects called for are in dispute that location should be adopted which most nearly conforms to the courses and distances, which rule, if here adopted, would sustain the judgment of the chancellor. Gilbert v. Parrott, 168 Ky. 602; Kentiweva Coal and Lumber Co. v. Helton, 170 Ky. 214.

No reason being shown for disturbing the judgment, it is hereby affirmed.